IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 0 8 2013

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

RODNEY S. WILLISON, and
REBECCA WILLISON, husband
and wife; JESS TUDOR; JULIE
JONES; and STEVEN REED                                    **PLAINTIFFS**

VS.                              NO. 3:13 cv 05 BRW

DAVID PATRICIO and
LANDSTAR RANGER, INC.                                     **DEFENDANT**

## NOTICE OF REMOVAL

Defendants, pursuant to 28 U.S.C. §§ 1441 and 1446, state as follows:

1.      On June 18, 2012, Plaintiffs commenced an action in the Circuit Court

of Crittenden County, Arkansas entitled Rodney S. Willison and Rebecca Willison,

husband and wife; Jess Tudor; Julie Jones; and Steven Reed v. David Patricio and

Landstar Ranger, Inc., Case No. CV-2012-285, by filing a complaint.

2.      Plaintiffs state a cause of action for negligence.

*This case assigned to District Judge Wilson
and to Magistrate Judge Young*

3.      Plaintiffs seek compensatory damages.

4.      Defendants David Patricio and Landstar Ranger, Inc. were served with

summons and complaint on June 29, 2012 and June 28, 2012 respectively. On

December 10, 2012, Defendants first ascertained that this case was removable when

Plaintiff Steven Reed responded to an interrogatory that he estimated his lost

earnings to be $77,512. This Notice of Removal is filed within thirty days after

receipt of this information and is, therefore, timely filed pursuant to 28 U.S.C. §

1446(b)(3).

1151882-v1

5.      Copies of all process and pleadings served on Defendants in the state court action are attached as Exhibit "A."  A copy of Defendants' answer is attached as Exhibit "B."  A copy of Plaintiff Reed's response to interrogatories is attached as Exhibit "C."

6.      This action is removable pursuant to the provisions of 28 U.S.C. § 1441.  It is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and supplemental jurisdiction under 28 U.S.C. § 1367, in that there is complete diversity between all named parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## JURISDICTION UNDER 28 U.S.C. §§ 1332, 1367

### All Named Parties are Diverse

8.      Plaintiffs are, upon information and belief, resident citizens of Baxter County, Arkansas.  *Plaintiff's Complaint ¶ 1.*

9.      Defendant David Patricio is a resident of Laredo, Texas, and was at the time of the accident giving rise to this lawsuit.

10.     Defendant Landstar Ranger, Inc. is incorporated in Delaware and has its principal place of business in Jacksonville, Florida.  Therefore, for purposes of diversity, it is a citizen of Florida. 28 U.S.C. § 1332(c).

### The Amount in Controversy Exceeds the Jurisdictional Amount

11.     For this court to have subject-matter jurisdiction based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

1151882-v1

12.     Plaintiff Steven Reed responded to an interrogatory that he estimated his lost earnings to be estimated at $77,512.

13.     This court has supplemental jurisdiction over the remaining Plaintiffs because their claims arise out of the same controversy. 28 U.S.C. § 1367(a).

11.     Jurisdiction over this action thus exists under 28 U.S.C. §§ 1332 and 1367.

WHEREFORE, defendants David Patricio and Landstar Ranger, Inc. remove the state court action from the Circuit Court of Crittenden County, Arkansas, to this Court, and move that this Court take jurisdiction of this civil action to the exclusion of any further proceedings in said state court.

> WRIGHT, LINDSEY & JENNINGS LLP
> 200 West Capitol Avenue, Suite 2300
> Little Rock, Arkansas 72201-3699
> (501) 371-0808
> FAX: (501) 376-9442
> E-MAIL: jsallings@wlj.com
>
> By _____
>     Jerry Sallings (84134)
>     Attorneys for defendants

## CERTIFICATE OF SERVICE

On January _____7th_____, 2013, a copy of the foregoing was served by U.S. mail on Mr. David L. Ethredge, 119 E. 6th Street, P.O. Box 724, Mountain Home, AR 72654-0724.

_____
Jerry J. Sallings

3

IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
CIVIL DIVISION

RODNEY S. WILLISON and
REBECCA WILLISON, husband and wife;
JESS TUDOR; JULIE JONES; and
STEVEN REED                                                              PLAINTIFFS

V.                              CASE NO. CV-2012-285-

DAVID PATRICIO and
LANDSTAR RANGER, INC.                                                    DEFENDANTS

## COMPLAINT

COME NOW, Plaintiffs, Rodney S. Willison and Rebecca Willison, husband and wife; Jess

Tudor; Julie Jones; and Steven Reed, by and through their attorney, David L. Ethredge, and for and

on behalf of their Complaint, states to the Court as follows:

1.      That Plaintiffs, Rodney S. Willison and Rebecca Willison are residents of Baxter

County, Arkansas; Plaintiff, Jess Tudor, is a resident of Marion County, Arkansas; Plaintiff, Julie

Jones, is a resident of Baxter County, Arkansas; and Plaintiff, Steven Reed, is a resident of Baxter

County, Arkansas.

2.      That Separate Defendant, David Patricio, is a resident of Webb County, Texas

(hereinafter referred to as "Patricio"); Separate Defendant, Landstar Ranger, Inc., is a Foreign

Corporation in good standing (hereinafter referred to as "Landstar Ranger, Inc."); that this action

takes rise from a collision that occurred in Crittenden County, Arkansas.

3.      That this Court is vested with the proper jurisdiction and venue to adjudicate this

matter.



EXHIBIT
A

1

## COUNT 1. FACTS

4.      That on the 20th day of June, 2009, Plaintiffs were traveling west on 1-40, in West Memphis, Arkansas.   The west bound lane was under construction and the road had been posted with an electronic message board alerting drivers that traffic may stop.  Plaintiffs' vehicle had slowed and was almost at a complete stop behind the vehicle in front of it.

5.      Patricio was driving a semi truck for Landstar Ranger, Inc. and was traveling behind Plaintiffs' vehicle.  Patricio failed to notice the construction warnings and the stopped traffic in front of him.

6.      Patricio slammed into the rear of Plaintiffs' vehicle with enough force to push it into the rear of the vehicle in front of it.

7.      Defendants' truck continued forward ramming the rear of Plaintiffs' vehicle a second time.  Plaintiffs' vehicle suffered three separate impacts, as did Plaintiffs themselves.

8.      That Patricio was cited for careless prohibited driving.

9.      That Patricio's negligence is the direct result of the Plaintiffs' damages as more specifically described herein.

10.     That Plaintiffs committed no negligent act or omission which in any way caused or contributed to the automobile accident described hereinabove.

## COUNT II.

11.     That Plaintiffs, Rodney S. Willison and Rebecca Willison, restate each and every averment in paragraphs 1 through 10 above.

12.     That Patricio is guilty of negligence which was the proximate cause of the above-described automobile collision, such negligent acts including but not being limited to:

    a)      Failure to yield right of way;

    b)      Failure to keep his automobile under proper control;

c)    Failure to keep a proper lookout; and

d)    Failure to use his brakes in a timely and appropriate manner.

e)    Failure to give warning or sound his horn;

13.    These acts of negligence on the part of Patricio were the proximate cause of the injuries and damages sustained by Plaintiffs, Rodney S. Willison and Rebecca Willison, as more specifically described herein.

14.    As a proximate result of the negligence of Patricio, Plaintiff, Rodney S. Willison, sustained significant and substantial injuries, including but not limited to injuries to his neck, back, shoulders, arms, sides, and knees.

15.    As a proximate result of the negligence of Patricio, Plaintiff, Rebecca Willison, sustained significant and substantial injuries, including but not limited to injuries to her neck, back, and legs.

16.    As a proximate result of their injuries, Plaintiffs, Rodney S. Willison and Rebecca Willison, have expended or obligated themselves to expend substantial sums of money for medical care and treatment in the past and will be required to expend or obligate themselves to expend substantial sums of money for medical care and treatment in the future due to the fact that their injuries are permanent in nature.

17.    That Plaintiffs, Rodney S. Willison and Rebecca Willison, have experienced substantial pain, suffering, and discomfort in the past and will continue to experience pain, suffering and discomfort in the future as a result of their injuries.

18.    As a proximate result of the negligence of Patricio, Plaintiffs, Rodney S. Willison and Rebecca Willison, have suffered a loss of life's enjoyment in the past and will continue to suffer such loss in the future as a result of their injuries.

3

19.    As a proximate result of the negligence of Patricio, Plaintiffs, Rodney S. Willison and Rebecca Willison, have suffered extreme mental anguish in the past, and will continue to suffer mental anguish in the future as a result of their injuries.

20.    As a proximate result of the negligence of Patricio, Plaintiffs, Rodney S. Willison and Rebecca Willison, have suffered a loss of income and will continue to suffer loss of income as a result of their injuries.

21.    That Landstar Ranger, Inc. negligently entrusted the vehicle owned by them to Patricio.

## COUNT III.

22.    That Plaintiff, Jess Tudor, restates each and every averment in paragraphs 1 through 21 above.

23.    That Patricio is guilty of negligence which was the proximate cause of the above-described automobile collision, such negligent acts including but not being limited to:

a)    Failure to yield right of way;

b)    Failure to keep his automobile under proper control;

c)    Failure to keep a proper lookout; and

d)    Failure to use his brakes in a timely and appropriate manner.

e)    Failure to give warning or sound his horn;

24.    These acts of negligence on the part of Patricio were the proximate cause of the injuries and damages sustained by Plaintiff, Jess Tudor, as more specifically described herein.

25.    As a proximate result of the negligence of Patricio, Plaintiff, Jess Tudor, sustained significant and substantial injuries, including but not limited to injuries to his head, neck, lower back, numbness from his waist down, and severe headaches.

4

26.    As a proximate result of his injuries, Plaintiff, Jess Tudor, has expended or obligated himself to expend substantial sums of money for medical care and treatment in the past and will be required to expend or obligate himself to expend substantial sums of money for medical care and treatment in the future due to the fact that his injuries are permanent in nature.

27.    That Plaintiff, Jess Tudor, has experienced substantial pain, suffering, and discomfort in the past and will continue to experience pain, suffering and discomfort in the future as a result of his injuries.

28.    As a proximate result of the negligence of Patricio, Plaintiff, Jess Tudor, has suffered a loss of life's enjoyment in the past and will continue to suffer such loss in the future as a result of his injuries.

29.    As a proximate result of the negligence of Patricio, Plaintiff, Jess Tudor, has suffered extreme mental anguish in the past, and will continue to suffer mental anguish in the future as a result of his injuries.

30.    As a proximate result of the negligence of Patricio, Plaintiff, Jess Tudor, has suffered a loss of income and will continue to suffer loss of income as a result of his injuries.

31.    That Landstar Ranger, Inc. negligently entrusted the vehicle owned by them to Patricio.

## COUNT IV.

32.    That Plaintiff, Julie Jones, restates each and every averment in paragraphs 1 through 31 above.

33.    That Patricio is guilty of negligence which was the proximate cause of the above-described automobile collision, such negligent acts including but not being limited to:

    a)    Failure to yield right of way;

    b)    Failure to keep his automobile under proper control;

c)      Failure to keep a proper lookout; and

d)      Failure to use his brakes in a timely and appropriate manner.

e)      Failure to give warning or sound his horn;

34.     These acts of negligence on the part of Patricio were the proximate cause of the injuries and damages sustained by Plaintiff, Julie Jones, as more specifically described herein.

35.     As a proximate result of the negligence of Patricio, Plaintiff, Julie Jones, sustained significant and substantial injuries, including but not limited to injuries to her head, neck, shoulders, hips, legs, and feet.

36.     As a proximate result of her injuries, Plaintiff, Julie Jones, has expended or obligated herself to expend substantial sums of money for medical care and treatment in the past and will be required to expend or obligate herself to expend substantial sums of money for medical care and treatment in the future due to the fact that her injuries are permanent in nature.

37.     That Plaintiff, Julie Jones, has experienced substantial pain, suffering, and discomfort in the past and will continue to experience pain, suffering and discomfort in the future as a result of her injuries.

38.     As a proximate result of the negligence of Patricio, Plaintiff, Julie Jones, has suffered a loss of life's enjoyment in the past and will continue to suffer such loss in the future as a result of her injuries.

39.     As a proximate result of the negligence of Patricio, Plaintiff, Julie Jones, has suffered extreme mental anguish in the past, and will continue to suffer mental anguish in the future as a result of her injuries.

40.     As a proximate result of the negligence of Patricio, Plaintiff, Julie Jones, has suffered a loss of income and will continue to suffer loss of income as a result of her injuries.

41.   . That Landstar Ranger, Inc. negligently entrusted the vehicle owned by them to Patricio.

### COUNT V.

42.   That Plaintiff, Steven Reed, restates each and every averment in paragraphs 1 through 41 above.

43.   That Patricio is guilty of negligence which was the proximate cause of the above-described automobile collision, such negligent acts including but not being limited to:

   a)   Failure to yield right of way;

   b)   Failure to keep his automobile under proper control;

   c)   Failure to keep a proper lookout; and

   d)   Failure to use his brakes in a timely and appropriate manner.

   e)   Failure to give warning or sound his horn;

44.   These acts of negligence on the part of Patricio were the proximate cause of the injuries and damages sustained by Plaintiff, Steven Reed, as more specifically described herein.

45.   As a proximate result of the negligence of Patricio, Plaintiff, Steven Reed, sustained significant and substantial injuries, including but not limited to injuries to his head, back, legs, and body spasms.

46.   As a proximate result of his injuries, Plaintiff, Steven Reed, has expended or obligated himself to expend substantial sums of money for medical care and treatment in the past and will be required to expend or obligate himself to expend substantial sums of money for medical care and treatment in the future due to the fact that his injuries are permanent in nature.

47.   That Plaintiff, Steven Reed, has experienced substantial pain, suffering, and discomfort in the past and will continue to experience pain, suffering and discomfort in the future as a result of his injuries.

48.    As a proximate result of the negligence of Patricio, Plaintiff, Steven Reed, has suffered a loss of life's enjoyment in the past and will continue to suffer such loss in the future as a result of his injuries.

49.    As a proximate result of the negligence of Patricio, Plaintiff, Steven Reed, has suffered extreme mental anguish in the past, and will continue to suffer mental anguish in the future as a result of his injuries.

50.    As a proximate result of the negligence of Patricio, Plaintiff, Steven Reed, has suffered a loss of income and will continue to suffer loss of income as a result of his injuries.

51.    That Landstar Ranger, Inc. negligently entrusted the vehicle owned by them to Patricio.

WHEREFORE, Plaintiffs, Rodney S. Willison and Rebecca Willison, husband and wife; Jess Tudor; Julie Jones; and Steven Reed, pray that the Court find Defendant, David Patricio, guilty of negligence and Defendant, Landstar Ranger, Inc., guilty of negligent entrustment for Patricio's failure to yield the right of way, failure to keep his automobile under proper control, failure to keep a proper lookout, failure to use his brakes in a timely and appropriate manner and failure to give warning or sound his horn; and pray for judgment against Defendants for an amount to be determined at trial to compensate Plaintiffs for their injuries and damages they sustained in the accident, including but not limited to their past, present and future medical expenses; their past, present and future pain, suffering and discomfort; their past, present and future loss of life's enjoyment; their past, present and future mental anguish; their past, present and future loss of income; and further pray for costs, attorney's fees and all other relief to which Plaintiffs may be entitled.

RESPECTFULLY SUBMITTED:

RODNEY S. WILLISON and
REBECCA WILLISON; JESS TUDOR;
JULIE JONES; and STEVEN REED

8

By:   _____
David L. Ethredge, (Bar #89156)
ATTORNEY FOR PLAINTIFFS
ETHREDGE & COPELAND, P.A.
119 E. 6th Street, P.O. Box 724
Mountain Home, AR 72654-0724
870-425-8636 / 870-425-9013 (fax)

Ethredge & Copeland, P.A.
P.O. Box 724
Mountain Home, AR 72654



CERTIFIED MAIL™

7011 2000 0002 1212 6108

RESTRICTED DELIVERY

Landstar Ranger, Inc.
124 West Capitol Avenue
Suite 1900
Little Rock, AR 72201

RESTRICTED DELIVERY

72201$9717 C072

07/03/2012  11:38   9567950959                ELOY                          PAGE  02



# ETHREDGE & COPELAND, P.A.
## ATTORNEYS AT LAW

**DAVID L. ETHREDGE**
david@ecattorneys.com

**JOHNNIE A. COPELAND**
johnnie@ecattorneys.com

**CERTIFIED NO.  7011 2000 0002 1212 6115**
**RETURN RECEIPT REQUESTED**
**RESTRICTED DELIVERY**

June 22, 2012

David Patricio
514 Nightingale Bend
Laredo, TX 78045

Re:     Rodney S. Willison, et al. v. David Patricio and Landstar Ranger, Inc.
        Crittenden County Circuit Court Case CV-2012-285

Dear Mr. Patricio:

Enclosed, please find a Complaint and Summons which have been filed in the Crittenden County
Circuit Court.

You should consider this service in compliance with Rule 4 of the Arkansas Rules of Civil
Procedure and respond in the manner required by said Arkansas Rules.

Sincerely,

*David Ethredge /KF*

David L. Ethredge,

DLE/kmf
Enclosures
Cc:     Shawn & Rebecca Willison
        Jess Tudor
        Julie Jones
        Steven Reed

119 E. 6TH STREET, P.O. BOX 724
MOUNTAIN HOME, AR 72654
PHONE: 870.425.8636 • FAX: 870.425.9013

## IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
### CIVIL DIVISION

RODNEY S. WILLISON, and
REBECCA WILLISON, husband
and wife; JESS TUDOR; JULIE
JONES; and STEVEN REED

**PLAINTIFFS**

vs.

**CASE NO. CV-2012- 285**

DAVID PATRICIO and
LANDSTAR RANGER, INC.

**DEFENDANTS**

### SUMMONS

STATE OF ARKANSAS TO DEFENDANT: **David Patricio**
**514 Nightingale Bend**
**Laredo, TX 78045**

A lawsuit has been filed against you. The relief demanded is stated in the attached Complaint. Within 30 days after service of this Summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the Clerk of this Court a written answer to the Complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the Plaintiff or Plaintiff's attorney, whose name and address are: David L. Ethredge/Johnnie A. Copeland, Ethredge & Copeland, P.A., P.O. Box 724, Mountain Home, Arkansas 72654.

If you fail to respond within the applicable time period, judgment by default will be entered against you for the relief demanded in the Complaint.

WITNESS my hand and the seal of the Court this 18th day of June , 2012.

Crittenden Circuit Clerk
100 Court Street
Marion, AR  72364

TERRY HAWKINS, CLERK

By: Sarah Sraugh
Deputy Clerk

1



**Service of Process
Transmittal**
06/26/2012
CT Log Number 520752104

**TO:**   Bill Burns
RISK MANAGEMENT CLAIM SERVICES INC.
1850 LANTAFF BLVD.
MADISONVILLE, KY 42431-

**RE:**   **Process Served in Arkansas**

RECEIVED JUN 2 8 2012

**FOR:**   Landstar Ranger, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Rodney S. Willison, et al., Pltfs. vs. David Patricio and Landstar Ranger, Inc., Dfts, |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint |
| **COURT/AGENCY:** | Crittenden County Circuit Court, AR<br>Case # CV2012285 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - June 20, 2009 - West on I-40, West memphis, AR |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Little Rock, AR |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/26/2012 postmarked on 06/22/2012 |
| **JURISDICTION SERVED :** | Arkansas |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days, exclusive of day of service |
| **ATTORNEY(S) / SENDER(S):** | David L. Ethredge<br>Ethredge & Copeland, P.A.<br>119 E. 6th St.<br>P. O. Box 724<br>Mountain Home, AR 72654<br>870-425-8636 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 798554185195<br>Email Notification, Michael K. Kneller mkneller@landstar.com |
| **SIGNED:** | CT Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 124 West Capitol Avenue<br>Suite 1900<br>Little Rock, AR 72201-3736 |
| **TELEPHONE:** | 800-592-9023 |

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal
opinion as to the nature of action, the amount of damages, the
answer date, or any information contained in the documents
themselves. Recipient is responsible for interpreting said
documents and for taking appropriate action. Signatures on
certified mail receipts confirm receipt of package only, not
contents.

 # ETHREDGE & COPELAND, P.A.

**DAVID L. ETHREDGE**

**JOHNNIE A. COPELAND**

CERTIFIED NO.  7011 2000 0002 1212 6108
RETURN RECEIPT REQUESTED
RESTRICTED DELIVERY

June 22, 2012

Landstar Ranger, Inc.
124 West Capitol Avenue
Suite 1900
Little Rock, AR 72201

Re:   Rodney S. Willison, et al. v. David Patricio and Landstar Ranger, Inc.
       Crittenden County Circuit Court Case CV-2012-285

Dear Landstar Ranger, Inc.:

Enclosed, please find a Complaint and Summons which have been filed in the Crittenden County
Circuit Court.

You should consider this service in compliance with Rule 4 of the Arkansas Rules of Civil
Procedure and respond in the manner required by said Arkansas Rules.

Sincerely,

*David Ethredge /KF*

David L. Ethredge.

DLE/kmf
Enclosures
Cc:   Shawn & Rebecca Willison
       Jess Tudor
       Julie Jones
       Steven Reed

119 E. 6TH STREET, P.O. BOX 724
MOUNTAIN HOME, AR 72654
PHONE: 870.425.8636 • FAX: 870.425.9013

IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
CIVIL DIVISION

RODNEY S. WILLISON, and
REBECCA WILLISON, husband
and wife; JESS TUDOR; JULIE
JONES; and STEVEN REED                                              PLAINTIFFS

vs.                                          CASE NO. CV-2012- 285

DAVID PATRICIO and
LANDSTAR RANGER, INC.                                              DEFENDANTS

<u>SUMMONS</u>

STATE OF ARKANSAS TO DEFENDANT: **Landstar Ranger, Inc.**
**124 West Capitol Avenue**
**Suite 1900**
**Little Rock, AR 72201**

A lawsuit has been filed against you. The relief demanded is stated in the attached Complaint. Within 30 days after service of this Summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the Clerk of this Court a written answer to the Complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the Plaintiff or Plaintiff's attorney, whose name and address are: <u>David L. Ethredge/Johnnie A. Copeland</u>, Ethredge & Copeland, P.A., P.O. Box 724, Mountain Home, Arkansas 72654.

If you fail to respond within the applicable time period, judgment by default will be entered against you for the relief demanded in the Complaint.

WITNESS my hand and the seal of the Court this 18th day of _June_____, 2012.

Crittenden Circuit Clerk                     TERRY HAWKINS, CLERK
100 Court Street
Marion, AR  72364                   By: _Sarah Traugh_
                                            Deputy Clerk

1

# IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
## CIVIL DIVISION

RODNEY S. WILLISON, and
REBECCA WILLISON, husband
and wife; JESS TUDOR; JULIE
JONES; and STEVEN REED                                              **PLAINTIFFS**

VS.                          NO. CV-2012-285

DAVID PATRICIO and
LANDSTAR RANGER, INC.                                               **DEFENDANTS**

## ANSWER

Defendants, Landstar Ranger, Inc. ("Landstar"), and David Patricio, for their

answer to the complaint of Rodney S. Willison, and Rebecca Willison, husband and

wife, Jess Tudor, Julie Jones, and Steven Reed:

1.    Admit the allegations in paragraph 1 of the complaint.

2.    Admit the allegations in paragraph 2 of the complaint.

3.    Deny the allegations in paragraph 3 of the complaint.

4.    Admit that the accident giving rise to the lawsuit occurred on June 20,

2009 on Interstate 40 in or near West Memphis, Arkansas.  State that they lack

sufficient information to form a belief as to the truth of the remaining allegations in

paragraph 4 of the complaint, therefore, deny those remaining allegations.

5.    State that they lack sufficient information to form a belief as to the

truth of the allegations in paragraph 5 of the complaint, therefore, deny those

allegations.


EXHIBIT
B

6.      State that they lack sufficient information to form a belief as to the truth of the allegations in paragraph 6 of the complaint, therefore, deny those allegations.

7.      State that they lack sufficient information to form a belief as to the truth of the allegations in paragraph 7 of the complaint, therefore, deny those allegations.

8.      State that they lack sufficient information to form a belief as to the truth of the allegations in paragraph 8 of the complaint, therefore, deny those allegations.

9.      Deny the allegations in paragraph 9 of the complaint.

10.     State that they lack sufficient information to form a belief as to the truth of the allegations in paragraph 10 of the complaint, therefore, deny those allegations.

11.     State that to the extent the allegations in paragraph 11 of the answer require a response, they are denied.  Further, reassert here each and every allegation, defense and claim set out in paragraphs 1 through 10 above, as if set out word-for-word.

12.     Deny the allegations in paragraph 12 of the complaint.

13.     Deny the allegations in paragraph 13 of the complaint.

14.     Deny the allegations in paragraph 14 of the complaint.

15.     Deny the allegations in paragraph 15 of the complaint.

16.     Deny the allegations in paragraph 16 of the complaint.

17.    Deny the allegations in paragraph 17 of the complaint.

18.    Deny the allegations in paragraph 18 of the complaint.

19.    Deny the allegations in paragraph 19 of the complaint.

20.    Deny the allegations in paragraph 20 of the complaint.

21.    Deny the allegations in paragraph 21 of the complaint.

22.    State that to the extent the allegations in paragraph 22 of the answer require a response, those allegations are denied.  Further, reassert here each and every allegation, defense and claim set out in paragraphs 1 through 21 above, as if set out word-for-word.

23.    Deny the allegations in paragraph 23 of the complaint.

24.    Deny the allegations in paragraph 24 of the complaint.

25.    Deny the allegations in paragraph 25 of the complaint.

26.    Deny the allegations in paragraph 26 of the complaint.

27.    Deny the allegations in paragraph 27 of the complaint.

28.    Deny the allegations in paragraph 28 of the complaint.

29.    Deny the allegations in paragraph 29 of the complaint.

30.    Deny the allegations in paragraph 30 of the complaint.

31.    Deny the allegations in paragraph 31 of the complaint.

32.    State that to the extent the allegations in paragraph 32 of the answer require a response, those allegations are denied.  Further, reassert here each and every allegation, defense and claim set out in paragraphs 1 through 31 above, as if set out word-for-word.

33.     Deny the allegations in paragraph 33 of the complaint.

34.     Deny the allegations in paragraph 34 of the complaint.

35.     Deny the allegations in paragraph 35 of the complaint.

36.     Deny the allegations in paragraph 36 of the complaint.

37.     Deny the allegations in paragraph 37 of the complaint.

38.     Deny the allegations in paragraph 38 of the complaint.

39.     Deny the allegations in paragraph 39 of the complaint.

40.     Deny the allegations in paragraph 40 of the complaint.

41.     Deny the allegations in paragraph 41 of the complaint.

42.     State that to the extent the allegations in paragraph 42 of the answer require a response, those allegations are denied.  Further, reassert here each and every allegation, defense and claim set out in paragraphs 1 through 41 above, as if set out word-for-word.

43.     Deny the allegations in paragraph 43 of the complaint.

44.     Deny the allegations in paragraph 44 of the complaint.

45.     Deny the allegations in paragraph 45 of the complaint.

46.     Deny the allegations in paragraph 46 of the complaint.

47.     Deny the allegations in paragraph 47 of the complaint.

48.     Deny the allegations in paragraph 48 of the complaint.

49.     Deny the allegations in paragraph 49 of the complaint.

50.     Deny the allegations in paragraph 50 of the complaint.

51.     Deny the allegations in paragraph 51 of the complaint.

52.    State that any material allegation in the complaint not admitted in this answer is specifically denied.

53.    Assert as an affirmative defense that any damages suffered by plaintiffs were proximately caused by their own negligence or the negligence of others over whom these defendants had no control and to whom these defendants owed no duty.

54.    Assert as an affirmative defense that plaintiffs failed to mitigate any damages that they suffered, as required by law.

55.    Move to dismiss pursuant to Rule 12(b)(1), (2), and (3) in that proper jurisdiction and venue for this matter is in Federal District court.

56.    Reserve the right to plead further upon completion of discovery.

57.    Demand a trial by 12 person jury.

WHEREFORE, defendants, Landstar Ranger, Inc. and David Patricio, move this court for an order dismissing plaintiffs' complaint; awarding costs of this action, including attorney fees; and for all other proper relief.

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: jsallings@wlj.com

By _____
    Jerry Sallings (84134)
    Attorneys for defendants

### CERTIFICATE OF SERVICE

On July _____9th_____, 2012, a copy of the foregoing was served by U.S. mail

on Mr. David L. Ethredge, 119 E. 6th Street, P.O. Box 724, Mountain Home, AR

72654-0724.

_____

Jerry J. Sallings

IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
CIVIL DIVISION

RODNEY S. WILLISON, and
REBECCA WILLISON, husband
and wife; JESS TUDOR: JULIE
JONES; and STEVEN REED                                         PLAINTIFFS

VS.                               CASE NO. CV-2012-285

DAVID PATRICIO and
LANDSTAR RANGER, INC.                                          DEFENDANTS

**FIRST SET OF INTERROGATORIES AND REQUESTS**
**FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, STEVEN REED**

COME NOW, Plaintiff, Steven Reed, by and through his attorney, David L. Ethredge,

and for and on behalf of his Answer to Defendants' First Set of Interrogatories and Requests for

Production of Documents, hereby states to the Court as follows:

**INTERROGATORY NO. 1**: Please identify yourself fully, giving your full name, date

of birth, residence, business address, occupation, and social security number.

**ANSWER TO INTERROGATORY NO. 1**:

| | |
|---|---|
| Name: | Steven Paul Reed |
| DOB: | 04/30/1982 |
| Address: | 118 Keenan Lane, Midway, AR 72651 |
| Business Address: | n/a |
| Social Security No: | xxx-xx-9907 |

**INTERROGATORY NO. 2:** Please state any other name by which you have been

known or from which your last name has been legally changed.

**ANSWER TO INTERROGATORY NO. 2:**      None.

**INTERROGATORY NO. 3**: Please provide the name, address and telephone number of

your family physician. If you do not have a family physician, please provide the name, address

1



EXHIBIT
C

and telephone number of the last physician that you sought care from prior to the event giving

rise ( 	his lawsuit.

**ANSWER TO INTERROGATORY NO. 3:**	I do not have a family physician and

do not remember the last time I received general medical care.

**INTERROGATORY NO. 4:** Please identify, by name and address, all places you had

been during the twelve hours preceding the accident, stating the approximate times you were at

each location and purpose for your being there.

**ANSWER TO INTERROGATORY NO. 4:**	At a hotel in West Memphis, I do not

remember the name.  I checked out about 11:00 a.m., went to Memphis Hooters for lunch

between 12:00 a.m. to 1:00 p.m.  I walked around Memphis for a short time before heading

home between 1:00 p.m. and 1:30 p.m.

**INTERROGATORY NO. 5:** Please describe fully and completely how the accident

happened, stating in your answer all events relating thereto in their sequential order.

**ANSWER TO INTERROGATORY NO. 5:**	I remember that Plaintiff, Rebecca

Willison yelled, "truck" and I turned my head to the right just in time to see the grill of the semi

truck smash through the back glass.  The next thing I remember someone was helping me out of

the minivan.  I think it was the driver of the SUV that we were pushed into.

**INTERROGATORY NO. 6:** State the names, addresses and telephone numbers of all

persons who know anything about the occurrence giving rise to this lawsuit.

**ANSWER TO INTERROGATORY NO. 6:**	All Plaintiffs and their information

included in their separate Interrogatory answers, Defendants, and the people in the vehicle that

was stopped in front of us, The Keatons.  See the accident report for more detailed information.

2

**INTERROGATORY NO. 7:** State the names, addresses, and telephone numbers of all pers( who witnessed the accident.

**ANSWER TO INTERROGATORY NO. 7:**     Please   refer   to   Answer   to Interrogatory No. 6.

**INTERROGATORY NO. 8:** State your place of employment at the time of the occurrence; your method and rate of compensation; the amount of time, if any, you missed from work; and the amount you claim was lost in earnings because of injuries received in the accident.

**ANSWER TO INTERROGATORY NO. 8:**     At the time of the accident I was employed as a Pet Associate at Wal-Mart in Mountain Home, Arkansas.  All together I lost approximately six (6) months of work due to the accident.  I was also a bass player in a band. This is a lost opportunity that I had worked years to obtain and could have produced an extremely large amount of future income and recognition.  Due to the nature of the music industry an exact amount of lost income is impossible to calculate but it is reasonable to say that $75,000.00 is a very modest estimate.  Please see below for estimated total lost wages.

| | |
|---|---|
| Wal-Mart from 6-20-09 thru 8-15-09 ($7.85 per hour x 40 hr per week for 8 weeks) | 2,512.00 |
| Bass Player in Band | 75,000.00 |
| **TOTAL WAGES.** | **$77,512.00** |

**INTERROGATORY NO. 9:** Please state to whom you have made any written or recorded statements concerning the accident, other than, of course, to your attorney or to the investigating officer.

**ANSWER TO INTERROGATORY NO. 9:**     None that I recall.

3

**INTERROGATORY NO. 10:** Please state the names and addresses of all witnesses you will ( nay call at the trial of this matter, and whether each will testify as a lay or expert witness, and detail the substance of the expected testimony.

**ANSWER TO INTERROGATORY NO. 10:**     Unknown at this time, except I would identify any party to this litigation and person named in my interrogatories, and any person identified by the other Plaintiffs or Defendants in their discovery.

**INTERROGATORY NO. 11:** With respect to each person identified as an expert witness, state the subject matter on which each is expected to testify, the substance of the facts and opinions to which each is expected to testify, and summarize the grounds for each opinion or testimony you expect each to give.

**ANSWER TO INTERROGATORY NO. 11:**     Unknown at this time.

**INTERROGATORY NO. 12:** Please list and describe all exhibits you intend to introduce at the trial of this matter.

**ANSWER TO INTERROGATORY NO. 12:**     Unknown at this time, except that I would state that any documents or demonstrative aids that have been attached to the Complaint, any pleadings, or any discovery, all documents and photographs already provided to the Defendant, could be listed as evidence at trial.

**REQUEST FOR PRODUCTION NO. 1:** Produce copies of your federal income tax returns for the past 5 years (2007, 2008, 2009, 2010 and 2011), including all W-2 and 1099 forms, and any other documents tending to support your earnings loss claim.

**ANSWER FOR REQUEST FOR PRODUCTION NO. 1:**     Plaintiff is unable to locate this information but has executed and attached authorization for the Defendant to obtain this information.

4

**REQUEST FOR PRODUCTION NO. 2:** Attached to these interrogatories and request for documents is a request for copy of tax form. Please sign and return the form with your responses.

**ANSWER FOR REQUEST FOR PRODUCTION NO. 2:**      Attached.

**INTERROGATORY NO. 13:** Are you, your attorneys or representatives aware of any photographs taken of the scene of the accident or persons involved? If so, please state:

(a)     The name and address of the person taking such photographs;

(b)     The date such photographs were taken;

(c)     The subject of such photographs;

(d)     Who presently has custody of such photographs.

**ANSWER TO INTERROGATORY NO. 13.:**      To my knowledge all photographs have been previously provided to the Defendant.

**REQUEST FOR PRODUCTION NO. 3:** Will you please produce for inspection by defendant's attorneys, or provide copies, of all photographs identified in the preceding interrogatory?

**ANSWER TO REQUEST FOR PRODUCTION NO. 3:** Please      see      answer      to interrogatory No. 13 above.

**INTERROGATORY NO. 14:** If you have ever been arrested, please state the date of your arrest, what you were charged with, and the disposition made of the charge.

**ANSWER TO INTERROGATORY NO. 14:**      In 2002 I was arrested for aggravated assault with a deadly weapon.  I served six (6) months in jail and completed a four (4) year probation and this has now been erased from my record.

5

**INTERROGATORY NO. 15:** State the names and addresses of all physicians who have examined or treated you for injuries received in the occurrence; the date of each examination or treatment; the reason for each examination; the findings made by the doctors; and the charges made by each doctor for each visit and service provided.

**ANSWER TO INTERROGATORY NO. 15:**   Baxter Regional Medical Center $3,808.20, Mountain Home ER Group $348.00, Mountain Home Radiology $550.00, Adam Wozniak, M.D. $145.00 and Twin Lakes Chiropractic $9,245.00.   Please see the previously provided medical records and medical bills for more details.

**INTERROGATORY NO. 16:** List all claimed out-of-pocket losses or special damages not listed in your answers to any of any preceding interrogatories.

**ANSWER TO INTERROGATORY NO. 16:**   Unknown at this time.  Plaintiff will supplement this answer if needed.

**REQUEST FOR PRODUCTION NO. 4:** Produce copies of all documents tending to support the damages you claim to have sustained in your answer to Interrogatory No. 16.

**ANSWER TO REQUEST FOR PRODUCTION NO. 4:** These documents have been previously provided.

**REQUEST FOR PRODUCTION NO. 5:** Please attach copies of all exhibits that you intend to introduce or refer to at trial.

**ANSWER TO REQUEST FOR PRODUCTION NO. 5:** All exhibits are not known at this time, as discovery in this matter is ongoing, however; please see previously provided medical bills, medical records, accident report, photographs of vehicles, DVD of band performances, band flyers and correspondence regarding the band.

6

**INTERROGATORY NO. 17:** If you intend to assert a claim for loss of future earnings at tri state the amount of this loss, the method you used to calculate this loss and whether this loss has been reduced to present value.

**ANSWER TO INTERROGATORY NO. 17:**     Please see answer to interrogatory no. 8.

**INTERROGATORY NO. 18:** If you intend to assert a claim for future medical expenses at trial, state the amount of these expenses, the method you used to calculate these expenses, and whether these expenses have been reduced to present value.

**ANSWER TO INTERROGATORY NO. 18:**     Unknown at this time.

**REQUEST FOR PRODUCTION NO. 6:** Produce copies of all doctor's and hospital bills arising from the examination and treatment of injuries you received in this occurrence and copies of all relevant medical records and reports.

**ANSWER TO REQUEST FOR PRODUCTION NO. 6:** Previously provided. However, Plaintiff's medical records and bills are available to review at the law office of Ethredge & Copeland, P.A. for copying at Defendants' expense.  Plaintiff has also executed and attached a medical authorization.

**INTERROGATORY NO. 19:** Other than the incident and injuries that are the subject of this lawsuit, state whether or not you had been involved in an accident(s) or suffered any injury(ies) requiring medical treatment. If so, state where, when and how each accident occurred and describe the nature, extent and duration of each injury.

**ANSWER TO INTERROGATORY NO. 19:**     None.

**INTERROGATORY NO. 20:** State the name and address of each physician who has examined and/or treated you over the last 20 years, including but not limited to, your family physician.

**ANSWER TO INTERROGATORY NO. 20:**      Plaintiff objects to the admissibility of any information on the basis of relevancy which exceeds the scope of Ark. R. Evid. 401, 402, and 403.  All relevant physicians and treatment related to this accident have been provided in the preceding Interrogatories.  In addition, Plaintiff does not recall all the physicians he has seen in the last 20 years and has already stated that he does not have a family physician.

**INTERROGATORY NO. 21:** Identify by date, place and reason for confinement any hospitalization you had for the injuries described in response to interrogatory no. 20.

**ANSWER TO INTERROGATORY NO. 21:**      Please see answer to interrogatory no. 20.

**INTERROGATORY NO. 22:** State the following information for each other lawsuit you have filed in which you sought damages or alleged personal injuries:

(a)      name of court where filed;

(b)      case number;

(c)      defendant's name;

(d)      the disposition of said lawsuit;

(e)      your attorney's name;

(f)      defendant's attorney's name.

**ANSWER TO INTERROGATORY NO. 22:**      None.

**REQUEST FOR PRODUCTION NO. 7:** Attached to these interrogatories and requests for documents is a medical authorization. Please sign and return the authorization with your responses.

**ANSWER TO REQUEST FOR PRODUCTION NO. 7:** Attached.

**REQUEST FOR PRODUCTION NO. 8:** Please execute and produce the attached authorization to obtain employment records, to permit defendant to obtain copies of plaintiff's employment and wage/earnings records.

**ANSWER TO REQUEST FOR PRODUCTION NO. 8:** Attached.

**INTERROGATORY NO. 23:** With respect to the vehicle that is the subject of this litigation, state the following:

(a)     Who owned the vehicle at the time of the accident;

(b)     Who purchased the vehicle;

(c)     Purchased price;

(d)     Date of purchase; and

(e)     The estimated value of the vehicle at the time of the incident giving rise to this lawsuit.

**ANSWER TO INTERROGATORY NO. 23:**     Plaintiff does not have this information. However, some of this information may be obtainable from the accident report and Plaintiff Rebecca Willison.

**INTERROGATORY NO. 24:** Please list all of your home addresses in the last 5 years.

**ANSWER TO INTERROGATORY NO. 24:**     310 Harding Blvd, Cotter, AR for three (3) years; and for the last 1 ½ years Plaintiff has resided at 118 Keenan Lane, Midway, AR.

**INTERROGATORY NO. 25:** Please list all of your employers in the last 5 years.

**ANSWER TO INTERROGATORY NO. 25:**     Wal-Mart and the band, Circle of

Cha(

**REQUEST FOR PRODUCTION 9:** Please produce copies of any divorce decrees,

bankruptcy petitions, or any other pleadings for any legal proceeding to which you have been a

party.

**ANSWER TO REQUEST FOR PRODUCTION NO. 9:** Plaintiff does not recall any

other legal proceedings other than what has already been provided in the previous answers to

interrogatories.

**INTERROGATORY NO. 26:** If you have any information that supports a change in

your answer to Request for Admission number 1, please state in detail what that information is.

**ANSWER TO INTERROGATORY NO. 26:**     Unknown at this time.  Plaintiff will

supplement this answer if needed.

**REQUEST FOR PRODUCTION NO. 10:** Please produce all documentation to support

your answer to interrogatory number 26 above.

**ANSWER TO REQUEST FOR PRODUCTION NO. 10:**     Unknown at this time.

Plaintiff will supplement this answer if needed.

**INTERROGATORY NO. 27:** Do you agree to supplement your responses to

interrogatory number 26 and request for production number 11 promptly upon discovering it?

**ANSWER TO INTERROGATORY NO. 27:**     I agree.

**INTERROGATORY NO. 28:** If you will be claiming that the accident giving rise to

this lawsuit caused you any form of loss of income or lost profits related to musical performance,

please state the following:

a)      Title or role in a performing group as of the date of the accident;

10

b)      Your average yearly income in this role as of the date of the accident;

c)      The name, address, phone number, and title of each and every person or entity with whom you had agreed, as of the date of the accident, to perform in that role in the future.

d)      The amount of money or other income that the person or entity in subparagraph "c" above had agreed to pay you for your performance;

e)      The details including dates, locations, length of performance, of any agreement to perform entered into pursuant to subparagraph "c" above.

**ANSWER TO INTERROGATORY NO. 28:**      All documents have been previously provided to the Defendant.  However, arrangements can be made to view these documents at my attorney's office

**REQUEST FOR PRODUCTION NO. 11**: Please produce all documentation supporting your answer to interrogatory number 29 above.

**ANSWER TO REQUEST FOR PRODUCTION NO. 11:**      Defendant's interrogatories do not include an interrogatory number 29, therefore Plaintiff is unable to respond to this request.

**RESPECTFULLY SUBMITTED:**

**STEVEN REED**

By: _____
      David L. Ethredge. (Bar #89156)
      ATTORNEY FOR PLAINTIFFS
      ETHREDGE & COPELAND, P.A.
      119 E. 6th Street, P.O. Box 724
      Mountain Home, AR 72654-0724
      870-425-8636 / 870-425-9013 (fax)

11

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing instrument was served on Defendants by mailing a copy to their attorney of record, Jerry J. Sallings, Wright, Lindsey, & Jennings, LLP, 200 West Capitol Avenue, Suite 2300, Little Rock, AR 72201-3699, on this _10th_ day of _December_, 2012

David L. Ethredge