IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
CIVIL DIVISION

RODNEY S. WILLISON and
REBECCA WILLISON, husband and wife;
JESS TUDOR; JULIE JONES; and
STEVEN REED                                                                PLAINTIFFS

V.                      CASE NO. CV-2012-285-

DAVID PATRICIO and
LANDSTAR RANGER, INC.                                                      DEFENDANTS

## COMPLAINT

COME NOW, Plaintiffs, Rodney S. Willison and Rebecca Willison, husband and wife; Jess Tudor; Julie Jones; and Steven Reed, by and through their attorney, David L. Ethredge, and for and on behalf of their Complaint, states to the Court as follows:

1. That Plaintiffs, Rodney S. Willison and Rebecca Willison are residents of Baxter County, Arkansas; Plaintiff, Jess Tudor, is a resident of Marion County, Arkansas; Plaintiff, Julie Jones, is a resident of Baxter County, Arkansas; and Plaintiff, Steven Reed, is a resident of Baxter County, Arkansas.

2. That Separate Defendant, David Patricio, is a resident of Webb County, Texas (hereinafter referred to as "Patricio"); Separate Defendant, Landstar Ranger, Inc., is a Foreign Corporation in good standing (hereinafter referred to as "Landstar Ranger, Inc."); that this action takes rise from a collision that occurred in Crittenden County, Arkansas.

3. That this Court is vested with the proper jurisdiction and venue to adjudicate this matter.



1

## COUNT 1. FACTS

4. That on the 20th day of June, 2009, Plaintiffs were traveling west on I-40, in West Memphis, Arkansas. The west bound lane was under construction and the road had been posted with an electronic message board alerting drivers that traffic may stop. Plaintiffs' vehicle had slowed and was almost at a complete stop behind the vehicle in front of it.

5. Patricio was driving a semi truck for Landstar Ranger, Inc. and was traveling behind Plaintiffs' vehicle. Patricio failed to notice the construction warnings and the stopped traffic in front of him.

6. Patricio slammed into the rear of Plaintiffs' vehicle with enough force to push it into the rear of the vehicle in front of it.

7. Defendants' truck continued forward ramming the rear of Plaintiffs' vehicle a second time. Plaintiffs' vehicle suffered three separate impacts, as did Plaintiffs themselves.

8. That Patricio was cited for careless prohibited driving.

9. That Patricio's negligence is the direct result of the Plaintiffs' damages as more specifically described herein.

10. That Plaintiffs committed no negligent act or omission which in any way caused or contributed to the automobile accident described hereinabove.

## COUNT II.

11. That Plaintiffs, Rodney S. Willison and Rebecca Willison, restate each and every averment in paragraphs 1 through 10 above.

12. That Patricio is guilty of negligence which was the proximate cause of the above-described automobile collision, such negligent acts including but not being limited to:

    a) Failure to yield right of way;

    b) Failure to keep his automobile under proper control;

    c)     Failure to keep a proper lookout; and

    d)     Failure to use his brakes in a timely and appropriate manner.

    e)     Failure to give warning or sound his horn;

13. These acts of negligence on the part of Patricio were the proximate cause of the injuries and damages sustained by Plaintiffs, Rodney S. Willison and Rebecca Willison, as more specifically described herein.

14. As a proximate result of the negligence of Patricio, Plaintiff, Rodney S. Willison, sustained significant and substantial injuries, including but not limited to injuries to his neck, back, shoulders, arms, sides, and knees.

15. As a proximate result of the negligence of Patricio, Plaintiff, Rebecca Willison, sustained significant and substantial injuries, including but not limited to injuries to her neck, back, and legs.

16. As a proximate result of their injuries, Plaintiffs, Rodney S. Willison and Rebecca Willison, have expended or obligated themselves to expend substantial sums of money for medical care and treatment in the past and will be required to expend or obligate themselves to expend substantial sums of money for medical care and treatment in the future due to the fact that their injuries are permanent in nature.

17. That Plaintiffs, Rodney S. Willison and Rebecca Willison, have experienced substantial pain, suffering, and discomfort in the past and will continue to experience pain, suffering and discomfort in the future as a result of their injuries.

18. As a proximate result of the negligence of Patricio, Plaintiffs, Rodney S. Willison and Rebecca Willison, have suffered a loss of life's enjoyment in the past and will continue to suffer such loss in the future as a result of their injuries.

19.     As a proximate result of the negligence of Patricio, Plaintiffs, Rodney S. Willison and Rebecca Willison, have suffered extreme mental anguish in the past, and will continue to suffer mental anguish in the future as a result of their injuries.

20.     As a proximate result of the negligence of Patricio, Plaintiffs, Rodney S. Willison and Rebecca Willison, have suffered a loss of income and will continue to suffer loss of income as a result of their injuries.

21.     That Landstar Ranger, Inc. negligently entrusted the vehicle owned by them to Patricio.

## COUNT III.

22.     That Plaintiff, Jess Tudor, restates each and every averment in paragraphs 1 through 21 above.

23.     That Patricio is guilty of negligence which was the proximate cause of the above-described automobile collision, such negligent acts including but not being limited to:

    a)     Failure to yield right of way;

    b)     Failure to keep his automobile under proper control;

    c)     Failure to keep a proper lookout; and

    d)     Failure to use his brakes in a timely and appropriate manner.

    e)     Failure to give warning or sound his horn;

24.     These acts of negligence on the part of Patricio were the proximate cause of the injuries and damages sustained by Plaintiff, Jess Tudor, as more specifically described herein.

25.     As a proximate result of the negligence of Patricio, Plaintiff, Jess Tudor, sustained significant and substantial injuries, including but not limited to injuries to his head, neck, lower back, numbness from his waist down, and severe headaches.

26. As a proximate result of his injuries, Plaintiff, Jess Tudor, has expended or obligated himself to expend substantial sums of money for medical care and treatment in the past and will be required to expend or obligate himself to expend substantial sums of money for medical care and treatment in the future due to the fact that his injuries are permanent in nature.

27. That Plaintiff, Jess Tudor, has experienced substantial pain, suffering, and discomfort in the past and will continue to experience pain, suffering and discomfort in the future as a result of his injuries.

28. As a proximate result of the negligence of Patricio, Plaintiff, Jess Tudor, has suffered a loss of life's enjoyment in the past and will continue to suffer such loss in the future as a result of his injuries.

29. As a proximate result of the negligence of Patricio, Plaintiff, Jess Tudor, has suffered extreme mental anguish in the past, and will continue to suffer mental anguish in the future as a result of his injuries.

30. As a proximate result of the negligence of Patricio, Plaintiff, Jess Tudor, has suffered a loss of income and will continue to suffer loss of income as a result of his injuries.

31. That Landstar Ranger, Inc. negligently entrusted the vehicle owned by them to Patricio.

## COUNT IV.

32. That Plaintiff, Julie Jones, restates each and every averment in paragraphs 1 through 31 above.

33. That Patricio is guilty of negligence which was the proximate cause of the above-described automobile collision, such negligent acts including but not being limited to:

    a) Failure to yield right of way;

    b) Failure to keep his automobile under proper control;

     c)     Failure to keep a proper lookout; and

     d)     Failure to use his brakes in a timely and appropriate manner.

     e)     Failure to give warning or sound his horn;

34. These acts of negligence on the part of Patricio were the proximate cause of the injuries and damages sustained by Plaintiff, Julie Jones, as more specifically described herein.

35. As a proximate result of the negligence of Patricio, Plaintiff, Julie Jones, sustained significant and substantial injuries, including but not limited to injuries to her head, neck, shoulders, hips, legs, and feet.

36. As a proximate result of her injuries, Plaintiff, Julie Jones, has expended or obligated herself to expend substantial sums of money for medical care and treatment in the past and will be required to expend or obligate herself to expend substantial sums of money for medical care and treatment in the future due to the fact that her injuries are permanent in nature.

37. That Plaintiff, Julie Jones, has experienced substantial pain, suffering, and discomfort in the past and will continue to experience pain, suffering and discomfort in the future as a result of her injuries.

38. As a proximate result of the negligence of Patricio, Plaintiff, Julie Jones, has suffered a loss of life's enjoyment in the past and will continue to suffer such loss in the future as a result of her injuries.

39. As a proximate result of the negligence of Patricio, Plaintiff, Julie Jones, has suffered extreme mental anguish in the past, and will continue to suffer mental anguish in the future as a result of her injuries.

40. As a proximate result of the negligence of Patricio, Plaintiff, Julie Jones, has suffered a loss of income and will continue to suffer loss of income as a result of her injuries.

41. That Landstar Ranger, Inc. negligently entrusted the vehicle owned by them to Patricio.

## COUNT V.

42. That Plaintiff, Steven Reed, restates each and every averment in paragraphs 1 through 41 above.

43. That Patricio is guilty of negligence which was the proximate cause of the above-described automobile collision, such negligent acts including but not being limited to:

    a) Failure to yield right of way;

    b) Failure to keep his automobile under proper control;

    c) Failure to keep a proper lookout; and

    d) Failure to use his brakes in a timely and appropriate manner.

    e) Failure to give warning or sound his horn;

44. These acts of negligence on the part of Patricio were the proximate cause of the injuries and damages sustained by Plaintiff, Steven Reed, as more specifically described herein.

45. As a proximate result of the negligence of Patricio, Plaintiff, Steven Reed, sustained significant and substantial injuries, including but not limited to injuries to his head, back, legs, and body spasms.

46. As a proximate result of his injuries, Plaintiff, Steven Reed, has expended or obligated himself to expend substantial sums of money for medical care and treatment in the past and will be required to expend or obligate himself to expend substantial sums of money for medical care and treatment in the future due to the fact that his injuries are permanent in nature.

47. That Plaintiff, Steven Reed, has experienced substantial pain, suffering, and discomfort in the past and will continue to experience pain, suffering and discomfort in the future as a result of his injuries.

48. As a proximate result of the negligence of Patricio, Plaintiff, Steven Reed, has suffered a loss of life's enjoyment in the past and will continue to suffer such loss in the future as a result of his injuries.

49. As a proximate result of the negligence of Patricio, Plaintiff, Steven Reed, has suffered extreme mental anguish in the past, and will continue to suffer mental anguish in the future as a result of his injuries.

50. As a proximate result of the negligence of Patricio, Plaintiff, Steven Reed, has suffered a loss of income and will continue to suffer loss of income as a result of his injuries.

51. That Landstar Ranger, Inc. negligently entrusted the vehicle owned by them to Patricio.

WHEREFORE, Plaintiffs, Rodney S. Willison and Rebecca Willison, husband and wife; Jess Tudor; Julie Jones; and Steven Reed, pray that the Court find Defendant, David Patricio, guilty of negligence and Defendant, Landstar Ranger, Inc., guilty of negligent entrustment for Patricio's failure to yield the right of way, failure to keep his automobile under proper control, failure to keep a proper lookout, failure to use his brakes in a timely and appropriate manner and failure to give warning or sound his horn; and pray for judgment against Defendants for an amount to be determined at trial to compensate Plaintiffs for their injuries and damages they sustained in the accident, including but not limited to their past, present and future medical expenses; their past, present and future pain, suffering and discomfort; their past, present and future loss of life's enjoyment; their past, present and future mental anguish; their past, present and future loss of income; and further pray for costs, attorney's fees and all other relief to which Plaintiffs may be entitled.

RESPECTFULLY SUBMITTED:

RODNEY S. WILLISON and
REBECCA WILLISON; JESS TUDOR;
JULIE JONES; and STEVEN REED

By: _____
David L. Ethredge, (Bar #89156)
ATTORNEY FOR PLAINTIFFS
ETHREDGE & COPELAND, P.A.
119 E. 6th Street, P.O. Box 724
Mountain Home, AR 72654-0724
870-425-8636 / 870-425-9013 (fax)